[Civ. No. 11256. Second Appellate District, Division One.—July 20, 1937.]

C. A. FITCH, Respondent, v. BEKINS VAN & STORAGE CO. (a Corporation) et al., Defendants; FIDELITY DEPOSITORIES, LTD. (a Corporation), Appellant.

Sherman Anderson and Harold E. Thomas for Appellant.

Eugene I. Gottlieb for Respondent.

DORAN, J.—This is an action to recover damages for the alleged conversion by defendant of household goods belonging to plaintiff.

Without encumbering the record with details, it should be stated at the outset that at the conclusion of the trial of the within action there were but two defendants, namely, Fidelity Depositories, Ltd., and R. F. Palmateer. The jury returned a verdict in favor of plaintiff as against Fidelity Depositories, Ltd., and as between plaintiff and Palmateer, a verdict in favor of Palmateer. From the judgment thereafter entered, defendant Fidelity Depositories, Ltd., appeals.

Plaintiff had stored his household goods in defendant's warehouse May 30, 1932, and had received a warehouse receipt from defendant. On or about June 11, 1935, plaintiff claims to have had a conversation with Palmateer, president of defendant company which, quoting from plaintiff's testimony, was as follows: ''I said, 'I am going away to Pueblo, Colorado, and I don't know how long I shall be gone, but I want to see you about my goods in storage here. You

know, Robert, my goods are worth more than $2,000.00, and I can't afford to lose them by not paying the storage.' I said, 'How much do I owe you?' And Mr. Palmateer referred to his ledger and said, 'Well, it is still $57.10, Mr. Fitch.' 'Well,' I said, 'that seems like a small amount. I think I might pay you now, but if I do so it is going to leave me rather short on my trip . . . ' And he said, 'Well, don't worry about that; you don't need to worry at all,' he said. 'In the first place, we couldn't sell your goods without giving you notice.' And I said, 'If you will mail notice to me care of Hiram E. Casey, Los Angeles, you can always reach me. . . . ' He said, 'All notices that we send, we will send in care of Hiram E. Casey.' ''

Defendant's ledger sheet of plaintiff's account shows four different addresses of plaintiff, arranged in a column, the last of which is: ''628 Title Ins. & Trust Bldg.'' This last address had been plaintiff's headquarters for some time and was the office of Hiram E. Casey, an attorney at law, the individual referred to in plaintiff's testimony just quoted. Plaintiff left for Pueblo about June 11, 1935, and returned to Los Angeles December 17, 1935. During his absence he did not communicate with either the defendant or Mr. Casey.

On September 24, 1935, Mr. Palmateer caused to be forwarded purportedly to plaintiff by registered mail a demand for the payment of delinquent storage charges together with notice that plaintiff's goods would be sold to satisfy the charges on November 5, 1935, unless such charges were sooner paid. This demand and notice was addressed as follows:

G. A. Fitch,
Rm. 628 Title Ins. & Trust Bldg.,
433 So. Spring St.
Los Angeles, Calif.

The demand was returned October 4, 1935, with the notation on the envelope: ''Moved no add.'' On two previous occasions, once in 1933 and once in 1934, defendant had mailed similar notices, the envelopes of which were addressed: ''c/o Hiram E. Casey, 628 Title Insurance & Trust Bldg., Los Angeles, Calif.'', that were received by plaintiff. However, Mr. Casey had moved from this address some time before the notice of September 24, 1935, was sent, and had given no instructions to the mail man to forward plaintiff's mail.

Plaintiff's goods were sold by defendant November 5, 1935. The action herein is based on the asserted fact that defendant failed to comply with section 33 of the Warehouse Receipts Act (Stats. 1909, p. 437, as amended; Deering's Gen. Laws, 1931, Act 9059), in that the envelope containing the notice above referred to was improperly addressed. Said act provides that "Such notice shall be given by delivery in person or by registered letter addressed to the last known place of business or abode of the person to be notified."

Appellant contends, first, that the letter was mailed to respondent's *last known place of business,* as the act requires, and, second, that the judgment in favor of Mr. Palmateer, president and agent of appellant, had the legal effect of exonerating appellant.

It should be noted here that the record reveals that Mr. Palmateer and Mr. Casey were acquainted, that in fact Mr. Casey had been attorney for Mr. Palmateer's mother and father. It should also be noted that Mr. Palmateer did not deny the conversation related by plaintiff as hereinbefore quoted; moreover, Mr. Casey testified that he had received mail which was addressed to the Title Insurance and Trust Building after he had moved to the Rowan Building. Thus it will be seen that the jury might well have given full credit to plaintiff's testimony in this regard and also inferred that if the notice had been addressed *"c/o Hiram E. Casey,* 628 Title Insurance & Trust Building", it might have been forwarded to Mr. Casey's office and ultimately have been received by plaintiff.

The contention by appellant that because the warehouse receipt did not contain respondent's address, Mr. Palmateer, as agent, had no authority to alter such receipt by later including the address, is without merit.

Appellant's claim that the judgment exonerating Mr. Palmateer exonerated appellant is likewise without merit. The conversion took place at the time the goods were sold, not when the alleged improper notice was sent. The doctrine of *respondeat superior* does not apply.

Finally, appellant complains of a certain instruction which it is contended was insufficient as a "formula" instruction. The instruction, it is true, could have been clearer, but nevertheless it cannot be said, under the circumstances, that in the form given it constituted prejudicial error. With

respect to the other instructions, it is well settled that they must be read as a whole, and when thus read, they are clear, sufficient and unobjectionable and no prejudice appears to have resulted therefrom; they furnish no cause for reversal. Especially is this true when, as in the instant case, appellant offered no substitute instructions nor sought at the trial to correct the asserted erroneous instruction.

For the foregoing reasons the judgment appealed from is affirmed.

Houser, P. J., and York, J., concurred.